STATE OF MAINE                          SUPERIOR COURT
OXFORD, SS.                             CIVIL ACTION
                                        DOCKET NO. CV-10-39


ALAN PERRY, ESQ., PERSONAL
REPRESENTATIVE FOR THE ESTATE
OF KRISTIN N. CUMMINGS,

     Plaintiff/Counterclaim Defendant

     v.                                    DECISION AND ORDER
                                             ON MOTION FOR
JAMES and JADZIA DAVIE,                     SUMMARY JUDGMENT

     Defendants/Counterclaim Plaintiffs/
     Third-Party Plaintiffs

     v.

MITCHELL CUMMINGS,[1]

     Third-Party Defendant


This matter is before the court on the motions of defendants James and Jadzia Davie to dismiss Counts II, III, IV, and V of plaintiff's complaint,[2] and for summary judgment on all claims.

On October 10, 2008, Kristin Cummings committed suicide at the Norway home of her parents, defendants James Davie and Jadzia Davie. A handgun belonging to the defendants, which was located in the home, was used by Kristin to commit suicide. The personal representative of the estate of Kristin Cummings brought this five-count amended complaint against the Davies. The plaintiff asserts that the defendants are liable to the estate because they failed to prevent Kristin from committing suicide.

---

[1] Third-party defendant Mitchell Cummings was the personal representative o the Estate of Kristin Cummings at the time the complaint was initiated. He has since been replaced by Alan Perry, Esq.

[2] Because the court grants summary judgment in favor of the defendants, the motion to dismiss is not addressed.

RECEIVED

     2011


Oxford Superior Court

The counts brought in the complaint are wrongful death (Count I), negligence (Count II), Dangerous Condition (Count III), breach of duty of car (Count IV), and negligent performing of an undertaking to render services (Count V). For the reasons stated below, the court grants the motion for summary judgment.

The estate alleges that Kristin committed suicide by shooting herself in the Davies' house with a handgun owned by the Davies, and that the Davies were aware of Kristin Cummings's suicide ideation, hindered her from getting medical attention, and failed to protect Kristin from harming herself.

In order for the plaintiff to recover, the estate has to establish that the Davies owned a legal duty of care to Kristin, that they breached that duty of care, and that the breach of duty legally caused the death of Kristin. Whether there is a duty of care is question of law. *Estate of Cilley v. Lane*, 2009 ME 133, ¶ 10, 985 A.2d 481, 485.

The court understands the general rule to be that absent exceptional circumstances, a third-party is not liable for harm to a person that is self-inflicted harm. *Logarta v. Gustafson*, 998 F. Supp 998, 1001-04 (E.D. Wisc. 1998). The general rule is based, in part at least, on the absence of a duty of care, and on causation. Courts have been reluctant to impose a duty on a person to protect another person from harming herself because suicide is a separate, deliberate, voluntary and intentional act. *Mikell v. School Admin. Dist. #33*, 972 A.2d 1050, 1054 (N.H. 2009).

In *Chalhoub v. Dixon*, 788 N.E.2d 164 (Ill. App. 2003), a case with facts somewhat similar to this case, a father was sued for failure to protect his stepson from suicide. In that case, the stepson used the handgun of the defendant to kill himself. *Id.* at 166-67. The court refused to impose a duty on the father to protect his adult son from harming himself. *Id.* at 168.

2

In this case the defendants are not medical professionals, nor are they law enforcement officers who were subject to a duty to keep Kristin in custodial care. They were not in the kind of special relationship giving rise to a legal duty to prevent Kristin, a competent adult who was seen by medical people who did not consider her to be a danger to herself or to others and who did not initiate the process to involuntary commit Kristin to a mental institution, from harming herself.

Plaintiff cites to no facts to show that the defendants had any desire to hurt Kristin, that they hindered her from getting medical care, or that they in any way encouraged Kristin to harm herself. Even when construed most favorably to the plaintiff, plaintiff has not presented sufficient evidence to demonstrate the existence of any legal duty on the part of the parents giving rise to liability for their competent adult daughter's tragic suicide.

Because the defendants were under no legal duty to prevent Kristin Cummings from voluntarily harming herself, the defendants are entitled to the entry of summary judgment in their favor.

The entry is:

> Judgment is entered in favor of defendants James Davie and Jadzia Davie.

DATED: May 19, 2011

Robert W. Clifford
Active Retired Justice

3